IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARRYL J. WOODBERRY,
   Plaintiff,
    v.
BANK OF AMERICA, N.A., et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-3637-TWT

ORDER

This is a pro se wrongful foreclosure action. It is before the Court on Defendants Bank of America, N.A. ("BOA") and The Bank of New York Mellon's ("BONY") Motion to Dismiss [Doc. 8]. For the reasons set forth below, the Court GRANTS the Defendants' Motion to Dismiss and DIRECTS the Clerk of the DeKalb County Superior Court to cancel the lis pendens notice filed by the Plaintiff and recorded at Lien Book 1165, Page 407 of the DeKalb County, Georgia real estate records.

I. Background

The Plaintiff, Darryl Woodberry, obtained a loan (the "Loan") from SunTrust Mortgage Inc. ("SunTrust") in the amount of $225,250.00 plus interest, on or about April 12, 2005. To secure repayment of the Loan, the Plaintiff executed a Security

Deed conveying the real property located at 3758 River Chase Way, Decatur, Georgia 30034 (the "Property") to Mortgage Electronic Registration Systems ("MERS") as grantee-as-nominee for SunTrust. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. B.) This Security Deed was recorded on April 19, 2005, at Deed Book 17333, Page 214, of the DeKalb County real estate records.

On June 23, 2011, MERS, on behalf of SunTrust, assigned and transferred its rights, title, and interest in the Security Deed and the Property to BONY (the "Assignment"). (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. C.) The Assignment was recorded on July 26, 2011, at Deed Book 22556, Page 520, of the DeKalb County, Georgia real estate records. BOA is the servicer of the Loan. After the Plaintiff defaulted in payments owed pursuant to the Loan and Security Deed, foreclosure proceedings were commenced against the Property, but were postponed due to this litigation. The foreclosure sale has not yet occurred.

On September 20, 2011, the Plaintiff filed the Complaint in the Superior Court of DeKalb County, Georgia. On the same day, the Plaintiff recorded a "Notice of Lis Pendens and Notice of Action Pending" in the DeKalb County, Georgia real estate records at Lien Book 1165, Page 407. The Plaintiff requests that the Mortgage recorded at Book 17333, Page 214 be declared null and void, that the Mortgage of record be cancelled, and that an order quieting title to the Property be entered on the

Plaintiff's behalf. The Complaint was removed to this Court on October 24, 2011 [Doc. 1]. On October 26, 2011, Defendants BOA and BONY filed this Motion to Dismiss [Doc. 8]. The Plaintiff has not responded to this Motion.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim

and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III. Discussion

#### A. Failure to State a Claim

The Complaint fails to state a claim for relief. The real estate records show that the Security Deed was assigned to BONY from MERS, on behalf of SunTrust. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. C.) BONY has standing to foreclose on the property because the Security Deed is assignable. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. B.) Security deeds and other mortgage loans are transferrable by way of assignment in Georgia. O.C.G.A. § 44-14-64. Furthermore, the Plaintiff does not have standing to challenge the assignment from MERS to BONY because he was not a party to the assignment. See, e.g., Haldi v. Piedmont Nephrology Assocs., 283 Ga. App. 321, 322 (2007). Moreover, the Plaintiff does not allege that he possesses current title or current prescriptive title to the Property, as required to attain an order quieting title under Georgia's Quiet Title Act. O.C.G.A. § 23-3-61; Dykes Paving & Constr. Co. v. Hawk's Landing Homeowners Ass'n, Inc., 282 Ga. 305, 305 (2007).

#### B. Notice of Lis Pendens

Once the underlying action has been dismissed with prejudice, as it has been

here, the trial court has the authority to cancel the lis pendens notice. Taylor v. Wachovia Mortgage Corp., No. 1:07-CV-2671-TWT, 2009 WL 249353, at *10 (N.D. Ga. Jan. 30, 2009); Hutson v. Young, 255 Ga. App. 169, 171 (2002). The Court directs the Clerk of the DeKalb County Superior Court to cancel the lis pendens notice on the Property filed by the Plaintiff and recorded at Lien Book 1165, Page 407 of the DeKalb County, Georgia real estate records.

IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 8] and DIRECTS the Clerk of the DeKalb County Superior Court to cancel the lis pendens notice.

SO ORDERED, this 12 day of January, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

here, the trial court has the authority to cancel the lis pendens notice. Taylor v. Wachovia Mortgage Corp., No. 1:07-CV-2671-TWT, 2009 WL 249353, at *10 (N.D. Ga. Jan. 30, 2009); Hutson v. Young, 255 Ga. App. 169, 171 (2002). The Court directs the Clerk of the DeKalb County Superior Court to cancel the lis pendens notice on the Property filed by the Plaintiff and recorded at Lien Book 1165, Page 407 of the DeKalb County, Georgia real estate records.

IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 8] and DIRECTS the Clerk of the DeKalb County Superior Court to cancel the lis pendens notice.

SO ORDERED, this 12 day of January, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge